Per Curiam.

Defendant was convicted, on a plea of guilty, of attempted grand larceny in the third degree and petit larceny and sentenced to one year on each charge, the terms to run. consecutively. Although a medical report of examination pursuant to section 81.19 of the Mental Hygiene Law found defendant to be a narcotics addict, and the defendant admitted to being an addict, the trial court, after a hearing, refused to make any determination as to addiction prior to sentencing. The subsequent determination of nonaddiction by the trial court after sentencing, in response to habeas corpus application, does not salvage the trial court’s disregard of section 81.21 of the Mental Hygiene Law which mandates that a finding of addiction or nonaddiction must be made prior to sentencing.
As to defendant’s contention that he is entitled to a jury trial on the issue of addiction or nonaddiction the statute (Mental Hygiene Law, § 81.21, subd. [a]) is equally clear — only a convicted misdemeanant who denies addiction or stands mute is entitled to a jury trial. Here, defendant has admitted he is an addict and the only purpose of a hearing is for the court to “ satisfy” itself that the defendant is or is not an addict. A jury trial is not necessary to achieve that result.
The question of whether or not a defendant convicted of multiple misdemeanors and subject to sentences amounting to more than one year in jail can be sentenced under the Penal *670 Law rather than certified to the Narcotic Addiction Control Commission is not reached on this appeal.
The judgments of conviction should be modified by reversing them on the law with respect to the sentences and remanding the cases to the Criminal Court, New York County for resentencing in accordance with section 81.21 of the Mental Hygiene Law, and, as modified unanimously affirmed.
Concur — Markowitz, P. J., Lupiano and Quinn, JJ.
Judgments of conviction modified, etc.